IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIMMIE YOUNG AND DARRYL KING, | ) ) ) | |
| Plaintiffs, | ) ) | **CIVIL ACTION NO.: 17-38** |
| v. | ) ) | |
| R & A OYSTER COMPANY, INC. Defendant. | ) ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiffs, Jimmie Young and Darryl King, by and through undersigned counsel, and states the following as her Complaint against Defendant, R & A Oyster Company, Inc., as follows:

### I.  NATURE OF THE ACTION

1. Plaintiff brings this action against the Defendant for legal relief to redress unlawful violations of the Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, to remedy violations of the wage provisions of the FLSA by Defendant, including the failure to pay lawful wages and retaliation for opposing same.

### II.  PARTIES

2. Plaintiff Jimmie Young (hereinafter "Plaintiff or "Young") is a former employee of Defendant, R & A Oyster Company, Inc., and a resident of Mobile County, Alabama.

3. Plaintiff Darryl King (hereinafter "Plaintiff or "King") is a former employee of Defendant, R & A Oyster Company, Inc., and a resident of Mobile County, Alabama.

4. Defendant, R & A Oyster Company, Inc. (hereinafter "Defendant" or "R & A") is a foreign corporation conducting business in Mobile County, Alabama and the former employer of Plaintiffs.

### III. JURISDICTION AND VENUE

5. This case arises under the laws of the United States and presents a Federal question within this Court's jurisdiction. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 2201 and 2202, 29 U.S.C. § 201, *et seq.*, to secure protection of and redress deprivation of rights secured by the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, providing for back pay, liquidated damages, and other relief for unpaid unpaid wages.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### IV. FACTS

7. This action is brought to recover unpaid compensation, in the form of unpaid wages and overtime, owed to the Plaintiffs, pursuant to the FLSA. For at least three years prior to the filing of this complaint, Defendants have required Plaintiffs to work, on a regular basis, numerous hours for which they were not paid.

8. Plaintiff Young was employed by Defendant as a general laborer from approximately June 3, 2015 to December 4, 2015. He was paid an hourly wage of approximately $11.25 per hour.

9. Plaintiff King was employed by Defendant as a general laborer from approximately July 6, 2015 to March 16, 2016. He was paid an hourly wage of between $10.50 and $11.25 per hour.

10. Neither Plaintiff served in a supervisory position. They both helped process oysters –

retrieving them from the processing machine and delivering them to the shuckers. They also assisted in shucking and packaging the oysters on occasion.

11. During the week, both Plaintiffs generally began working at 6:00 am. Although their shift officially ended at 2:00 p.m., they often worked until 2:30 p.m. or 3:00 p.m. or later, performing clean-up tasks. They were not paid for the time spent working after their official shift ended at 2:00.

12. On the weekends, the Plaintiffs worked additional shifts. The Saturday shifts were also generally 6:00 am to 2:00, but Plaintiffs could stay working until 2:30 or 3:00 p.m. If they worked on Saturdays, Plaintiffs were not paid at all. The Sunday shifts were generally 6:00 a.m. to 11:00 am or 12:00 pm. On Sundays, they generally were paid for most of their working time. If they worked longer than the scheduled shift, however, they were not paid for the additional time worked.

13. Plaintiffs spent numerous hours performing this unpaid work.

14. Plaintiffs did not clock in or out and Defendant did not accurately record their working time.

15. Plaintiffs repeatedly questioned Defendant about its failure to pay them and others for all time worked. Nevertheless, Defendant continued to refuse to pay them in accordance with the FLSA.

16. Plaintiffs King and Young contacted the U.S. Department of Labor in approximately September 2015 regarding Defendant's unlawful wage practices.

17. The Department of Labor subsequently investigated Plaintiffs' claims.

18. On information and belief, Defendant knew and/or suspected Plaintiffs' involvement in the Department of Labor investigation, and terminated both Plaintiffs in retaliation therefor and/or for their previous complaints about their unlawful wages.

19. In performing their unpaid work, Plaintiffs performed non-managerial duties.

20. Plaintiffs did not have any employees of their own and did not have the authority to hire, fire, promote, determine starting pay for, give pay raises to, or discipline employees of Defendant. Nor did they make any effective recommendations regarding these actions. They also did not determine budgets or delegate work assignments on behalf of the Defendant, or effectively recommend any such actions.

21. Plaintiffs did not customarily or regularly supervise two or more employees for 80 hours a week.

22. At all times relevant to this action, Defendant was the "employer" of Plaintiffs as defined by the FLSA.

23. At all times material to this action, Plaintiffs were employees of Defendant as defined by the FLSA. They worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

24. The provisions set forth in §§ 206-207 of the FLSA apply to Defendants, and the Plaintiffs were covered by §§ 206-207 of the FLSA during their employment with Defendant.

25. On information and belief, Defendant has intentionally and willfully failed and/or refused to pay Plaintiffs for all time worked according to the provisions of the FLSA.

26. Defendant's system and practices relating to their non-payment of earned wages to Plaintiff, has existed since at least three years prior to the filing of this action.

27. Defendant's system and practices relating to the record-keeping of time worked by Plaintiffs did not comply with the FLSA.

28. On information and belief, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA since at least

three years prior to the filing of this action.   Despite this knowledge, Defendants have failed to pay the Plaintiff the amount of pay required by the FLSA.

29. Plaintiffs seeks unpaid wages, back pay, compensatory damages, an equal amount of liquidated damages, reinstatement, front pay, promotion, attorneys' fees, and costs, and all other legal and equitable relief available pursuant to 29 U.S.C. §216(b) *et seq*.

## V.  CAUSES OF ACTION

### COUNT 1: FLSA CLAIM FOR UNPAID WAGES

30. Plaintiff incorporates by reference, as if fully set out herein, paragraphs 1 through 29 above.

31. By the actions alleged herein, Defendant has willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations with respect to the Plaintiffs.

32. As a result of the Defendant's violations of the FLSA, the Plaintiffs have suffered damages by failing to receive regular and overtime wages for hours worked in accordance with §§ 206 and 207 of the FLSA.

33. Defendant has not made good faith efforts to comply with the FLSA with respect to its compensation of the Plaintiffs.

34. As a result of the unlawful acts of Defendant, the Plaintiffs have been deprived of their rightful hourly compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

### COUNT 2: FLSA RETALIATION

35. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 34

above.

36. By its actions alleged herein, Defendant has willfully, knowingly, and/or recklessly violated Section 215(a)(3) of the FLSA prohibiting retaliation against employees lodging complaints of and/or opposing unfair pay practices.

37. As a result of Defendant's violations of the anti-retaliation provisions of the FLSA, Plaintiffs have suffered extreme harm, including lost wages and severe emotional distress.

38. Defendant has not made good faith efforts to comply with the FLSA.

39. As a result of the unlawful acts of Defendant, the Plaintiffs have been deprived of their rights under the FLSA and, pursuant to Section 29 U.S.C. § 216(b), are entitled to reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages, compensatory damages, prejudgment interest, attorneys' fees, costs, and any and all other legal and equitable relief available in an amount to be determined at trial.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, pursuant to the FLSA prays for the following relief:

a. That Plaintiffs be awarded damages in the amount of their unpaid compensation and back pay/lost wages, plus an equal amount of liquidated damages and/or prejudgment interest, for which the Defendant is liable;

b. Compensatory damages;

c. Reinstatement, promotion, and/or front pay;

d. Reasonable attorneys' fees;

e. The costs and expenses of this action;

f. Such other, further legal and equitable relief as is available, including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled;

g. Any further relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiffs request a jury trial for all claims set forth above.

Respectfully submitted,

 _/s/ Abby M. Richardson_____
ABBY M. RICHARDSON (RICHA3209)
RICHARDSON LAW FIRM, LLC
118 N. Royal St., Suite 100
Mobile, AL 36602
Telephone: (251) 338-1695
Fax: (251) 338-1698
E-Mail:   abby@richardsonlawllc.com

*COUNSEL FOR PLAINTIFF*

**DEFENDANT MAY BE SERVED AT:**

R & A Oyster Company, Inc.
c/o Rodney Fox
9155 Little River Road
Bayou La Batre, AL 36509